IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No:  BK 11- 80953 |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT NO. 517 OF DOUGLAS | ) | DISCLOSURE STATEMENT |
| COUNTY, NEBRASKA | ) | |
| | ) | |
| | ) | |

INTRODUCTION

Sanitary and Improvement District No. 517 of Douglas County, Nebraska ("SID #517" or the "District"), pursuant to 11 U.S.C. § 901 et seq. and 1125, provides this disclosure statement to all parties in interest in this case for the purpose of providing them information which SID #517 considers adequate to enable such parties in interest, according to their claims in interest, to make an informed judgment about SID #517's proposed Plan of Adjustment ("Plan") and on the basis thereof to exercise the voting rights provided them under the Plan and applicable provisions of Chapter 9 of the Bankruptcy Code.

THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT OF SID #517 CONSTITUTE THE STATEMENTS AND REPRESENTATIONS OF SID #517.   NO WARRANTY IS INTENDED OR IMPLIED AS TO ACCURACY OR ADEQUACY OF DATA PRESENTED OR OPINIONS EXPRESSED, NOR MAY A CREDITOR OR OTHER PERSON CONSTRUE THAT ANY DATA PROVIDED BY OR RECOMMENDATION MADE BY SID #517'S COUNSEL, FULLENKAMP, DOYLE & JOBEUN; SID #517'S FISCAL AGENT,DA DAVIDSON & COMPANY; SID #517'S BOND COUNSEL, BAIRD HOLM LLP; SID #517'S AUDITOR, LUTZ & COMPANY, P.C.; IS WARRANTED AS TO THE ACCURACY AND ADEQUACY OF THE CONTENTS OF THE TEXT OF THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.   NO DEALER, BROKER, SALESMAN, OR OTHER PERSON HAS BEEN AUTHORIZED BY SID #517 TO GIVE ANY INFORMATION OR MAKE ANY REPRESENTATION OTHER THAN IS SET OUT BY SID #517 IN THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.

NO   REPRESENTATIONS   CONCERNING   SID   #517   OR   THIS   PLAN,

1

PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS OR VALUES OF ITS PROPERTIES, ARE AUTHORIZED BY SID #517 EXCEPT AS SET FORTH IN THIS DISCLOSURE STATEMENT.  YOU SHOULD RELY ON NO REPRESENTATIONS OR INDUCEMENTS OFFERED TO SECURE YOUR ACCEPTANCE OTHER THAT THOSE CONTAINED IN THIS DISCLOSURE STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS NOT CONTAINED HEREIN SHOULD BE REPORTED TO THE UNDERSIGNED ATTORNEY FOR SID #517, WHO IN TURN SHALL REPORT SUCH INFORMATION TO THE COURT FOR SUCH ACTION AS IT MAY DEEM APPROPRIATE.

THE INFORMATION SET OUT IN THIS DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT HAS BEEN COMPILED ON BEHALF OF SID #517 FROM SOURCES BELIEVED TO BE RELIABLE.  THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT.  COUNSEL FOR SID #517 HAS NOT VERIFIED THE INFORMATION SET FORTH HEREIN BUT HAS NO ACTUAL KNOWLEDGE OF ANY INACCURACIES.  THE RECORD KEPT BY SID #517 MAY NOT HAVE ALWAYS BEEN COMPLETE AND THE ACCURACY OF INFORMATION IN THIS DISCLOSURE STATEMENT IS DEPENDANT UPON THE RELIABILITY OF SID #517'S RECORDS. FOR THE FOREGOING REASONS, AS WELL AS BECAUSE OF THE COMPLEXITY OF SID #517'S FINANCIAL MATTERS, SID #517 IS UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE, AND THE INFORMATION IS NOT TO BE CONSTRUED AS A REPRESENTATION BY COUNSEL, FISCAL AGENT, UNDERWRITER, AUDITOR OR ACCOUNTANT.

THE INFORMATION AND EXPRESSIONS OF OPINION ARE MADE SUBJECT TO CHANGE AND NEITHER THE DELIVERY OF SAID DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT, NOR THE ACCEPTANCE OF THE PLAN BY THE COURT, NOR THE EXCHANGE OF SECURITIES, IF ANY, MADE BY CREDITORS OR HOLDERS OF SECURITIES OF SID #517, SHALL CREATE ANY IMPLICATION THAT THERE HAS BEEN NO CHANGE IN THE INFORMATION OR OPINION SET FORTH IN SAID

DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.

ANY PROPOSED PLAN OF EXCHANGE OF SECURITIES AND ANY PROJECTIONS MADE CONCERNING THE PROBABLY OR POSSIBLE RECOVERY OF THE VALUE OF ANY INVESTMENT MADE IN ANY SERIES OR ANY TYPE OF SECURITY OR DEBT INSTRUMENT OF THE DISTRICT IS CONTINGENT UPON A VARIETY OF CIRCUMSTANCES AND CONDITIONS AND THE HOLDER OF ANY CLASS OF SECURITY OR DEBT OF SID #517 ACCEPTS AND ASSUMES ALL RISK AS TO THE ABILITY OF SID #517 TO MEET ITS OBLIGATIONS UNDER ANY PLAN OF ADJUSTMENT ULTIMATELY CONFIRMED BY THE BANKRUPTCY COURT. FURTHER, NO ASSURANCES ARE GIVEN OR IMPLIED THAT THE PLAN AS INITIALLY PROPOSED OR SUCH PLAN AS MIGHT FINALLY BE CONFIRMED BY THE BANKRUPTCY REPRESENTS THE BEST PLAN OR THAT OTHER ALTERNATIVES MAY OR MAY NOT EXIST WHICH MIGHT RESULT IN A GREATER OR LESSER RECOVERY OF ASSETS BY ANY CREDITOR OR HOLDER OF SECURITIES OF SID #517.

## BACKGROUND

SID #517 is a sanitary and improvement district formed pursuant to the Statutes of the State of Nebraska.  Neb. Rev. St. § 31-727 et seq.  A sanitary and improvement district is a body corporate and politic of the State of Nebraska, much like a small city or village, except that it does not have the police powers one normally associates with those entities and, in fact, is specifically limited to certain functions.  The primary function of a sanitary and improvement district is to install and maintain public improvements, i.e. streets, sewers, recreational facilities, water lines, electrical and gas mains, and other public improvements associated with residential and commercial subdivisions.

SID #517 was formed on March 15, 2005 to develop a residential subdivision in Douglas County to be known as "The Hamptons".  SID #517 paid for the cost of the public improvements in The Hamptons subdivision, such as streets, sewers, water lines, electrical and gas mains, and storm and sanitary sewers by issuing capital outlay warrants (hereinafter referred to as "warrants") which were subsequently sold to investors.

An SID levies annual real estate taxes to pay its annual operating expenses and to help

pay for the cost of public improvements.  The portion of the annual real estate taxes used to pay an SID's annual operating expenses are paid to its general fund and the portion of the annual real estate taxes used to help pay the cost of the SID's public improvements are paid to its bond fund. An SID also levies special assessments against the real property benefitted for the cost of the installation of the public improvements in an amount and to the extent of special benefit to the property.  The collected special assessments and proceeds from bond issues of the SID are also deposited in the bond fund.  The cash in the bond fund is used to create a sinking fund to retire the bonds and redeem the SID's outstanding warrants.

The Hamptons subdivision as currently platted contains 107 buildable single family lots. A map of the entire area platted is attached hereto as Exhibit "1" and is incorporated herein by this reference. The Hamptons subdivision is owned and developed by The Hamptons Land Development, a Nebraska limited liability company.

## PRESENT DEBT, TAX BASE AND OTHER INFORMATION ABOUT SID #517

SID #517 will have outstanding construction fund liabilities as of December 31, 2010 of $7,252,692.70 of which $6,037,692.70 is outstanding construction/bond fund warrants with accrued interest; and $1,195,000 in general obligation bond debt. As of March 31, 2010, SID #517 had cash and investments of $1,821,899.08. The District also has special assessments receivable of $872,445.96. The 2010 actual value for tax purposes of all property in SID #517 (also called "Tax Base") is $20,049,320.  The District also collects a sewer connection fee of $3,985 whenever a new home is constructed in the District.  The District currently has 29 homes built or under construction with tax valuations ranging from $424,700 to $1,120,000.  The District has cash and investments together of $1,821,899.08 in its bond fund, which is approximately 26.4% of the District's construction fund debt as of March 31, 2010.  If all 107 single-family lots are constructed with an average valuation of $660,300 per lot, the total tax base would be approximately $70,652,100.

## PROBLEMS IN PAYING WARRANTS IN FULL

The problem in The Hamptons is an insufficient growth of its tax base, and no real good indication of when, or even if new construction will begin and even if so, how fast it will occur and the valuation of the new homes.  The current valuation is insufficient to meet the construction/bond fund "warrants" principal and interest payments and does not allow for the

issuance of additional general obligation bond debt.  The bonds which have been previously issued have statutory priority over the warrants.   Attached hereto as Exhibit "2" is the bond payment pro-forma.  Until 2028 it requires annual tax payments of $91,423 and a current bond sinking fund of $400,000 which is amortized over the life of the bond issue.  Thus, assume that the District was fully developed today.   We'd have cash and investments of approximately $3,012,000 (remember we'd have collected about $873,000 in special assessments and about $319,000 in sewer collection fees).  The net construction warrant debt would then be about $2,671,200.  Add in bond fees and costs we'd need to issue about $2,940,000 in bonds.  Assume a net interest cost over 20 years of 6% (less than that today) annual payment would be about $256,000.   Our new tax base (excluding the tax base necessary to support the existing bond issue) would be about $52,000,000 (assuming a tax valuation of $660,300 per home) which at a bond fund levy of $0.60/ $100 would generate $312,000 more than enough to pay all the warrants and bonds in full.  However, the District is not fully developed and current demand is nil to non-existent and as such we are uncertain as to when or if the District will become fully developed and, just as importantly whether the homes to be built will be of the same value as currently exists.   While the homes there currently average $660,300 they range as low as $424,700 and valuations where building is occurring are trending lower.

The additional problem is that the first warrants come due on May 10, 2011.  By the end of the 2011 that total is $3,359,190.17.  Even with 10 new homes built by the end of 2011 we'd only add about $165,000 in special assessments and sewer connection fees (about 50% of the un-built upon lots have already been sold to third parties who have paid the special assessments so only a 50% collection rate was used for this analysis).  Assuming the homes were valued at $600,000 each or $6,000,000 total a $0.50 bond fund tax levy would only give the District an extra $30,000 which could fund at a 6% interest rate about $300,000 in bonds.  The total amount of warrants the District could fund would be about $1,865,000 far short of the amount needed.  The District has substantially more cash on hand than it needs and the interest received is less than 1% at current rates.  The District needs to be fair and equitable and while it could disburse to those first in line given that we don't know when or even if we could ever pay the balance in full it would be more equitable to disburse that cash pro-rata.

The District does however believe that SID #517 can and will develop out by 2025.  On

average that's 5.2 homes per year.  The current interest rate on a 15 year bond issue is about 4.5%.  Assuming that the homes are built at 5 per year and 8 in year 15 at $400,000 apiece, the District would increase its taxable valuation by $30,600,000.  Now look at Exhibit "3" which details what would happen in such a case based on the assumptions set forth therein.  In 2025 the District would still have a balance due to the warrant holders of $3,533,639.52.   To bond this balance off would, with normal bond fees and expenses, require a bond issue of about $3,900,000 which with a net interest cost of 6% amortized annually over a 20 year period would be about $340,000.  The total valuation of $50,000,000 (the valuation for the current bond issue has been added back in since that value becomes available in 2027) at $0.90 would generate $450,000. The general fund for the District would at that time require about $130,000 leaving us about $20,000 short.  However, if the values come in somewhat higher than $400,000 or the value comes on line quicker then that difference becomes insignificant.

Two other items are significant for this discussion.  First, the tax levy.  The average SID tax levy in Douglas County for the 50 highest districts is $0.9366/ $100 of actual valuation.  A district, by law, is not required to levy a tax levy in excess of this amount in order to retire warrant indebtedness.  And, you, as creditors wouldn't want SID #517 to in any event.  Why? Because homebuyers in Douglas County are quite savvy, shop tax rates and want to know if the district is secure.  With a plan in place with a maximum tax levy over $0.03 less than the average of the top 50 you are in a much better competitive position in the market place and with slow home sales comes insufficient tax base.

The second item is the general fund.  SID #517 currently requires about $90,000 annually to pay all its operating expenses.  This is a high end subdivision which will need to be properly maintained in order to attract new home buyers.  Delaying or ignoring general operating expenses such as street maintenance, erosion control etc. would in the District's opinion not be in the best interest of the creditors.  SID #517's sewer system does not gravity flow and as such it operates and maintains a regional lift station and force main which is quite expensive.  In order to build it the District was required to size it for the entire watershed.  Although we have sold the system to the City of Omaha SID #517 is required to maintain and operate it.  As additional development takes place in the watershed those areas will be required to share pro-rata with operational and maintenance costs.  However, much of the watershed is an environmentally

sensitive area which is generally limited to low impact development, so you're probably not going to see significant development there in the near future.

SID #517 also installed a water main extension for which it paid the Metropolitan Utilities District "MUD" Eight Hundred Seventy-three Thousand Two Hundred Eighty-five ($873,285) Dollars.  Any new party that connects to this water main in the service area will have to pay to MUD a pioneer fee in accordance with their rules and regulations.  Such amounts would be reimbursed to SID #517.  MUD has estimated the potential to be about $661,727.46 plus interest.  The potential recovery area includes two low density subdivisions which are currently serviced by well water.  Typically well water is substantially less expensive than MUD so the potential there is somewhat low.  The majority of the remaining recovery area is within the City of Omaha extra-territorial zoning jurisdiction and the City would probably not let new development to occur there unless a water connection was made to the MUD system.  However, the property other than the two referenced subdivisions is outside the City of Omaha's present zone of development "PDZ" and thus, for all practical purposes is at the present non-developable.  The City does review the PDZ every three years with the development community but at this time there is no appreciable appetite for the inclusion of new property within the PDZ. These refunds terminate 20 years following construction of the mains.  The contract was entered into in 2006 and the mains constructed in 2007.  Because of the speculative nature and time constraint of these reimbursables they have not been included in any analysis.  Any collections will however be deposited in the District's bond sinking fund to be distributed to the warrant holders according to the Plan.

### THE PLAN

The Plan provides that in exchange for all of the warrants, each warrant holder will be given a Certificate of Indebtedness from the disbursing agent evidencing their Class A or Class B pro-rata share of the payments to be made by the District in accordance with this Plan. The first payment under the Plan will be the initial disbursement as set forth under Paragraph 4 (Class A and B warrant holders) of the Plan.  The Class A warrant holders principal plus accred interest balance is $5,233,465.21 and the Class B warrant holders $804,227.49 as of December 31, 2010.  While the Class B warrants are technically subordinate to the Class A warrants the

7

District has included them as being equal with the Class A warrant holders for the initial distribution for the reason that the holders of the Class B warrants is The Hamptons development company which played a significant role in convincing the City of Omaha to purchase the Regional Lift Station and Force Main for in excess of $1,700,000.  Without that assistance the District would not now be in a position to make the initial disbursement.  In addition, The Hamptons developer has managed this project in an exemplary manner through the current real estate recession and the District believes it is well served by having the developer continue its presence and to have some stake in a successful outcome.   SID #517 anticipates that the initial payout will be approximately $1,000,000.  Under this scenario, assuming the requisite numbers of warrant holders pre-approve the Plan each warrant holder (both A and B) should receive an initial distribution of about 17.60% of their principal balance as shown on Schedule 1 to the Plan. Each Certificate of Indebtedness (both **Class** "**A**" and "**B**") shall accrue interest beginning the first day of the first month after the confirmation of the Plan by the United States Bankruptcy Court for the District of Nebraska at the rate of five (5%) percent per annum simple interest on the outstanding principal balance. **All payments made pursuant to this Plan shall first be applied to payment of principal.**   SID #517 and/or the disbursing agent shall thereafter, subject to the prior limitations and cancellation provision set forth herein, within 45 days following the balancing of SID #517's books by the Douglas County Treasurer as of December 31 of each year, or in addition thereto additional distributions as SID #517's Board of Trustees may determine deliver to each **Class "A" and "B" Warrant Holder** his/her/its Schedule 1 pro-rata as shown on Schedule 1 of any funds on deposit with the Douglas County Treasurer in SID #517's construction/bond fund except any bond payment and/or sinking fund requirements of paragraph 5(c) below from:

(a)     The collection of any and all special assessments levied by SID #517 against properties located within its corporate boundaries together with any miscellaneous revenues, which by law, custom or usage are deposited in a sanitary, and improvement district construction/bond funds.

(b) Any ad valorem real estate taxes collected from a construction/bond fund levy of:

8

1. $0.90/ $100 of actual valuation less:

a) $0.40/ $100 of actual valuation or $90,000 for the year 2010/2011 fiscal year increased annually thereafter at the rate of 2.5% per annum, whichever is less, which monies shall be deposited in the District's general fund;

b) any additional amount above the subparagraph a) amount certified to by the District's engineer to be necessary for extraordinary repairs and/or reconstruction to and/or replacement of the District's Regional Lift Station and Force Main.  In no event however shall the construction/bond fund levy together with the above specified general fund levy exceed $0.90 per $100 of assessed valuation,

c) The net proceeds from the issuance by SID #517 of bonds as directed by D.A. Davidson & Co.  ("DAD") the District's fiscal agent or its successors and assigns from time to time, which bond issues, whether one or more shall be mandatorily issued and sold by SID #517 at such times and in an amount which can be issued and sold on a level payment basis over a period of twenty-five (25) years, reserving a bond sinking fund equal to one and ½ year's principal and interest requirement,  and amortized using the proceeds of an ad valorem tax levy in the amount as set forth in subparagraph (b) above on the then current SID # 517's tax base (exclusive of any tax base used to support any paragraph 4 c) and/or prior 5(c) bond issue) to pay the principal and interest on such bonds on a year to year basis.   Such bonds shall be issued prior to December 31, 2025 as directed by DAD and the disbursing agent.

At such time as the Certificates of Indebtedness for the Class A Warrant Holders have been paid in full then payments shall be made to the Class B Warrant Holders in the same manner and to the same extent and upon the same terms and conditions as are set forth for the Class A Warrant Holders.

To recap, for the initial payout the Class A warrant holders would receive Eighty-six and 68/100 (86.68%) and the Class B warrant holders Thirteen and 32/100 (13.32%) of the Plan paragraph 4 initial disbursement.  Thereafter, the Class A warrant holders would get ninety-six and 358/1000 (96.358%) and the Class B

warrant holders Three and 703/1000 (3.641%) of the Plan paragraph 5 proceeds. The enhanced distribution to the Class A warrant holders takes into account the subordinate status of the Class B warrant holders while recognizing the contributions they have made and their ongoing stewardship of the project.

## CONFLICT

THE LAW FIRM OF FULLENKAMP, DOYLE & JOBEUN REPRESENTS ON A REGULAR BASIS THE HAMPTONS LAND DEVELOPMENT, L.L.C. SOME OF WHO'S MEMBERS ARE ALSO MEMBERS OF THE BOARD OF TRUSTEES OF SID #517.  THE HAMPTONS LAND DEVELOPMENT, L.L.C. AND THEIR RELATED PARTIES AND SID #517 HAVE BEEN APPRISED OF THE CONFLICT AND HAVE CONSENTED TO OUR RETENTION AS COUNSEL TO SID #517 FOR FORMULATING THIS PLAN OF ADJUSTMENT.   EACH OF YOU SHOULD REVIEW THE AUDITOR'S REPORT ATTACHED AS EXHIBIT "4" VERY CAREFULLY WITH A VIEW TOWARDS WHETHER OR NOT THIS PLAN IS IN YOUR BEST INTEREST.

## BALLOT

The ballot, which is included in this package, allows you to vote for the Plan prior to the filing of the petition in bankruptcy.  The United States Bankruptcy Court will probably confirm the Plan in the event that 50% of the warrant holders holding two-thirds of the debt vote to approve the Plan.  The United States Bankruptcy Code allows for the District to solicit a vote on this plan prior to filing for protection under Chapter 9 of the Bankruptcy Code.  SID #517 has solicited your vote prior to filing for the reason that, if SID #517 can obtain the approval of more than half of the total number of warrant holders holding more than two-thirds of the debt prior to filing then, and in that event, the time frame for receiving Court confirmation of the Plan is substantially reduced.  The District is hopeful that if it can obtain reasonably early confirmation, the existing area will be stabilized and will spur further building and development of tax base.  In order for your vote to count, your ballot must be returned to Fullenkamp, Doyle & Jobeun on or before March 31, 2011.

If less than the required number of approval votes is received by that date, SID #517 will file the Plan and Disclosure Statement with the Court.  You would then be entitled to recast your

vote or vote for the first time if you didn't previously vote prior to the time set by the court.

Dated this 04 day of March, 2011

By: /s/Brian C. Doyle

Brian C. Doyle (#23001)
Fullenkamp, Doyle & Jobeun
11440 West Center Road
Omaha, Nebraska 68144
(402) 334-0700
Fax: (402)-334-0815
brian@fdjlaw.com
Attorney for Debtor





www.dcgis.org/dogis

SID #517

Printed: Jan 17, 2011

EXHIBIT "2"

CFCURRENT

**SCHEDULE OF ANNUAL DEBT SERVICE**

JOHN KUEHL
D.A. Davidson & Co.
Rev: 11-10-2010

NAME OF ISSUE: SID No.517 " **THE HAMPTONS** " of DOUGLAS COUNTY,NE.
ORIGINAL DATING: 12-15-07 OPTIONAL: 12-15-12 @ Par
FACE AMT OF BONDS: $ 1,250,000 YEARS TO MATURITY: **19.00**

| MATURITY NUMBER | FISCAL YEAR | PRINC. 12-15 | INTEREST RATE | INTEREST 12-15 | INTEREST 6-15 | TOTAL | PRIOR DEBT SERVICE | TOTAL ALL ISSUES | TAX BASE (000) | BOND TAX LEVY $per$100 | (97%) TOTAL TAXES RAISED | SPECIALS | INTST INCOME 0.50% | FUND BALANCE 300,000 | COVERAGE RATIO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1.00 | 10-11 | 25,000 | 3.95% | 28,849 | 28,355 | 82,204 | 0 | 82,204 | 20,049 | 0.0000 | 0 | 0 | 1,500 | 219,296 | 2.67 |
| 2.00 | 11-12 | 30,000 | 4.00% | 28,355 | 27,755 | 86,110 | 0 | 86,110 | 20,049 | 0.5000 | 48,619 | 0 | 1,096 | 182,902 | 2.12 |
| 3.00 | 12-13 | 35,000 | 4.05% | 27,755 | 27,046 | 89,801 | 0 | 89,801 | 20,049 | 0.5000 | 97,238 | 0 | 915 | 191,252 | 2.13 |
| 4.00 | 13-14 | 40,000 | 4.10% | 27,046 | 26,226 | 93,273 | 0 | 93,273 | 20,049 | 0.5000 | 97,238 | 0 | 956 | 196,174 | 2.10 |
| 5.00 | 14-15 | 45,000 | 4.20% | 26,226 | 25,281 | 96,508 | 0 | 96,508 | 20,049 | 0.5000 | 97,238 | 0 | 981 | 197,885 | 2.05 |
| 6.00 | 15-16 | 50,000 | 4.30% | 25,281 | 24,206 | 99,488 | 0 | 99,488 | 20,049 | 0.5000 | 97,238 | 0 | 989 | 196,624 | 1.98 |
| 7.00 | 16-17 | 55,000 | 4.40% | 24,206 | 22,996 | 102,203 | 0 | 102,203 | 20,049 | 0.5000 | 97,238 | 0 | 983 | 192,643 | 1.88 |
| 8.00 | 17-18 | 60,000 | 4.50% | 22,996 | 21,646 | 104,643 | 0 | 104,643 | 20,049 | 0.5000 | 97,238 | 0 | 963 | 186,201 | 1.78 |
| 9.00 | 18-19 | 65,000 | 4.60% | 21,646 | 20,151 | 106,798 | 0 | 106,798 | 20,049 | 0.5000 | 97,238 | 0 | 931 | 177,572 | 1.66 |
| 10.00 | 19-20 | 70,000 | 4.75% | 20,151 | 18,489 | 108,640 | 0 | 108,640 | 20,049 | 0.5000 | 97,238 | 0 | 888 | 167,058 | 1.54 |
| 11.00 | 20-21 | 75,000 | 4.85% | 18,489 | 16,670 | 110,159 | 0 | 110,159 | 20,049 | 0.5000 | 97,238 | 0 | 835 | 154,972 | 1.41 |
| 12.00 | 21-22 | 80,000 | 4.90% | 16,670 | 14,710 | 111,380 | 0 | 111,380 | 20,049 | 0.5000 | 97,238 | 0 | 775 | 141,604 | 1.27 |
| 13.00 | 22-23 | 85,000 | 4.95% | 14,710 | 12,606 | 112,316 | 0 | 112,316 | 20,049 | 0.5000 | 97,238 | 0 | 708 | 127,234 | 1.13 |
| 14.00 | 23-24 | 90,000 | 5.00% | 12,606 | 10,356 | 112,963 | 0 | 112,963 | 20,049 | 0.5000 | 97,238 | 0 | 636 | 112,145 | 0.99 |
| 15.00 | 24-25 | 95,000 | 5.00% | 10,356 | 7,981 | 113,338 | 0 | 113,338 | 20,049 | 0.5000 | 97,238 | 0 | 561 | 96,606 | 0.85 |
| 16.00 | 25-26 | 100,000 | 5.05% | 7,981 | 5,456 | 113,438 | 0 | 113,438 | 20,049 | 0.5000 | 97,238 | 0 | 483 | 80,889 | 0.71 |
| 17.00 | 26-27 | 105,000 | 5.05% | 5,456 | 2,805 | 113,261 | 0 | 113,261 | 20,049 | 0.5000 | 97,238 | 0 | 404 | 65,270 | 0.58 |
| 18.00 | 27-28 | 110,000 | 5.10% | 2,805 | 0 | 112,805 | 0 | 112,805 | 20,049 | 0.5000 | 97,238 | 0 | 326 | 50,029 | 0.44 |
| 19.00 | 28-29 | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 | 0.0000 | 0 | 0 | 0 | 0 | |
| 20.00 | 29-30 | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 | 0.0000 | 0 | 0 | 0 | 0 | |
| 21.00 | 30-31 | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 | 0.0000 | 0 | 0 | 0 | 0 | |
| | | 1,215,000 | | 341,586 | 312,738 | 1,869,324 | 0 | 1,869,324 | | | | 0 | | | |

D.A. Davidson & Co.

| | | |
|---|---|---|
| TOTAL INTEREST: | | 654,324 |
| BOND YEARS: | | 13,965,000 |
| AVERAGE COUPON: | | 4.6855% |
| DISCOUNT: | 10.00% | 121,500 |
| ISSUANCE EXPENSES: | | 11,685 |
| TOTAL COST: | | 787,509 |
| NIC: | | 5.6392% |
| AVERAGE PAYMENT: | | 98,385 |
| AVERAGE MATURITY: | | 11.49 |

| Prev. Val. | Prev. Levy |
|---|---|
| 16,308 | 0.0000 |

EXHIBIT "3"

|  | | SID NO.517 | | | | Warrant Principal Balance | $5,682,982.54 | | |
|---|---|---|---|---|---|---|---|---|---|
|  | | | | | | Interest from 2/10/10 to 12/31/10 | $354,712.83 | | |
| Total Levy: $ .90 | | | | | | | $6,037,695.37 | | |
| Houses Built Per Year: | 5 | | | | | | | | |

| Estimated Incremental Taxable Valuation | Bond Tax Levy $/$100 | Taxes Available for Distribution @ 97% | Collection of Special Assessments | Sewer Connection Fees | Total Funds Available | Warrant Principal & 7% Interest Balance | 4.50% Interest | Bond Principal & Interest Balance |
|---|---|---|---|---|---|---|---|---|
| $0 | 0.0000 | $0 | $0 | $0 | $1,237,161 | $4,800,534.01 | $216,024.03 | $5,016,558.04 |
| $2,000,000 | 0.4816 | $9,343 | $162,350 | $19,925 | $191,618 | $4,608,915.58 | $207,401.20 | $5,032,340.82 |
| $4,000,000 | 0.5164 | $20,037 | $162,350 | $19,925 | $202,312 | $4,406,603.75 | $198,297.17 | $5,028,326.15 |
| $6,000,000 | 0.5459 | $31,769 | $162,350 | $19,925 | $214,044 | $4,192,559.46 | $188,665.18 | $5,002,947.04 |
| $8,000,000 | 0.5711 | $44,319 | $162,350 | $19,925 | $226,594 | $3,965,965.93 | $178,468.47 | $4,954,821.98 |
| $10,000,000 | 0.5930 | $57,521 | $162,350 | $19,925 | $239,796 | $3,726,169.48 | $167,677.63 | $4,882,703.15 |
| $12,000,000 | 0.6122 | $71,256 | $162,350 | $19,925 | $253,531 | $3,472,638.78 | $156,268.74 | $4,785,441.19 |
| $14,000,000 | 0.6291 | $85,428 | $162,350 | $19,925 | $267,703 | $3,204,936.14 | $144,222.13 | $4,661,960.68 |
| $16,000,000 | 0.6441 | $99,964 | $162,350 | $19,925 | $282,239 | $2,922,696.73 | $131,521.35 | $4,511,242.63 |
| $18,000,000 | 0.6576 | $114,808 | $162,350 | $19,925 | $297,083 | $2,625,613.24 | $118,152.60 | $4,332,311.73 |
| $20,000,000 | 0.6697 | $129,914 | $162,350 | $19,925 | $312,189 | $2,313,424.39 | $104,104.10 | $4,124,226.98 |
| $22,000,000 | 0.6806 | $145,243 | $0 | $19,925 | $165,168 | $2,148,256.20 | $96,671.53 | $4,055,730.31 |
| $24,000,000 | 0.6906 | $160,766 | $0 | $19,925 | $180,691 | $1,967,565.19 | $88,540.43 | $3,963,579.73 |
| $26,000,000 | 0.6997 | $176,457 | $0 | $19,925 | $196,382 | $1,771,183.08 | $79,703.24 | $3,846,900.87 |
| $28,000,000 | 0.7080 | $192,295 | $0 | $19,925 | $212,220 | $1,558,962.63 | $70,153.32 | $3,704,833.73 |
| $30,000,000 | 0.7157 | $208,263 | $0 | $19,925 | $228,188 | $1,330,774.22 | $59,884.84 | $3,536,530.17 |
|  | | $1,547,385 | $1,623,500 | $298,875 | $4,706,921 | | $2,205,755.95 | |

ASSUMPTIONS:  FOR ILLUSTRATION PURPOSES ONLY
(1) 8/1/2010 Reorganization Date
(2) $0.90/$100 Total Tax Levy with $90,000 for General Fund Expenses and Remaining Levy Being Designated to Bond Fund
(3) General Fund expenses will increase at a 2.5% rate
(4) Average house value of $400,000
(5) Special Assesment Interest Rate of 7.5%
(6) Special Assesment Paid Over 10 Year Amortization Period

EXHIBIT "4"

# SANITARY AND IMPROVEMENT DISTRICT NO. 517 OF DOUGLAS COUNTY, NEBRASKA

## BASIC FINANCIAL STATEMENTS AND INDEPENDENT ACCOUNTANTS' AUDIT REPORT

JUNE 30, 2010

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

## INDEX

| | Page |
|---|---|
| Independent Accountants' Audit Report | 1-2 |
| Basic Financial Statements | |
|    Governmental Funds Balance Sheet/Statement of Net Assets | 3 |
|    Governmental Fund Revenues, Expenditures and Changes in Fund Balances/Statement of Activities | 4 |
|    Notes to Basic Financial Statements | 5-12 |

### REQUIRED SUPPLEMENTARY INFORMATION

| | Schedule | |
|---|---|---|
| Schedule of Revenues, Expenditures and Changes in Fund Balance – Budget and Actual (Budgetary Basis) – General Fund | 1 | 13 |
| Schedule of Revenues, Expenditures and Changes in Fund Balance – Budget and Actual (Budgetary Basis) – Debt Service Fund | 2 | 14 |

### SUPPLEMENTAL INFORMATION

| | | |
|---|---|---|
| Information Required by Section 31-740, Reissue Revised Statute of Nebraska, 1998 | 3 | 15 |
| District Trustees and Related Bonds | 4 | 16 |
| Independent Accountants' Report on Internal Control Over Financial Reporting and on Compliance and Other Matters Based on an Audit of Financial Statements Performed in Accordance with *Government Auditing Standards* | | 17-18 |

13616 California Street, Suite 300
Omaha, NE 68154-5336
p: 402.496.8800
f: 402.496.2711
www.lutzcpa.com



Lutz&
Company, PC
Accountants & Consultants

SHAREHOLDERS

| James D. Honz | W. Reed Samson | Shawn A. Wederquist | Michael B. Mowat | Peter A. Froelicher |
| Gary K.Witt | Jeffrey L. Snyder | Steven P. Kenney | Thomas J. Helligso | James J. Tichota |
| Ronald J. Nebbia | Patrick C. Knowles | William W. Kenedy | David F. Horner | Stacy L. Watson |
| Mark F. Duren | Sandra A. Lane | Susan S. Krause | Kelly J. Martinson | Scott A. Carrico |

**INDEPENDENT ACCOUNTANTS' AUDIT REPORT**

Board of Trustees
Sanitary and Improvement District No. 517
of Douglas County, Nebraska

We have audited the accompanying financial statements of the governmental activities and each major fund of Sanitary and Improvement District No. 517 of Douglas County, Nebraska, as of and for the year ended June 30, 2010, which collectively comprise the District's basic financial statements as listed in the index. These financial statements are the responsibility of the District's Trustees. Our responsibility is to express opinions on these basic financial statements based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in *Government Auditing Standards*, issued by the Comptroller General of the United States. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by the Trustees, as well as evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinions.

In our opinion, the financial statements referred to above present fairly, in all material respects, the respective financial position of the governmental activities and each major fund of Sanitary and Improvement District No. 517 of Douglas County, Nebraska, as of June 30, 2010, and the results of its operations for the year then ended in conformity with accounting principles generally accepted in the United States of America.

The District's management has elected to omit management's discussion and analysis from the basic financial statements. The management's discussion and analysis information is not a required part of the basic financial statements but is supplementary information required by accounting principles generally accepted in the United States of America.

In accordance with *Government Auditing Standards*, we have also issued a report dated December 1, 2010 on our consideration of Sanitary and Improvement District No. 517 of Douglas County, Nebraska's internal control over financial reporting and on our tests of its compliance with certain provisions of laws, regulations, contracts, and grant agreements and other matters. The purpose of that report is to describe the scope of our testing of internal control over financial reporting and compliance and the results of that testing and not to provide an opinion on the internal control over financial reporting or on compliance. That report is an integral part of an audit performed in accordance with *Government Auditing Standards* and should be considered in assessing the results of our audit.

Sanitary and Improvement District No. 517
 of Douglas County, Nebraska
Page 2


Our audit was conducted for the purpose of forming opinions on the financial statements that collectively comprise the District's basic financial statements. The Information Required by Section 31-740, Reissue Revised Statute of Nebraska, 1998 and District Trustee and Related Bonds are presented for purposes of additional analysis and are not a required part of the basic financial statements. The supplemental schedules have been subjected to the auditing procedures applied in the audit of the basic financial statements and, in our opinion, are fairly stated in all material respects in relation to the basic financial statements for the year ended June 30, 2010, taken as a whole.

Lutz & Company, P.C.

December 1, 2010

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

**GOVERNMENTAL FUNDS BALANCE SHEET/STATEMENT OF NET ASSETS**

**JUNE 30, 2010**

| | General Fund | Debt Service Fund | Total | Reconciliation (Note 7) | Statement of Net Assets |
|---|---|---|---|---|---|
| **ASSETS** | | | | | |
| Cash on Deposit-County Treasurer | $ 5,633 | $ 8,171 | $ 13,804 | $ | $ 13,804 |
| Investments | | 1,788,961 | 1,788,961 | | 1,788,961 |
| Receivables | | | | | |
| Property Taxes (Note 2) | 93,210 | | 93,210 | | 93,210 |
| Special Assessments (Note 3) | | 872,446 | 872,446 | | 872,446 |
| Accrued Interest Receivable | | | | | |
| Special Assessments (Note 3) | | 215,857 | 215,857 | | 215,857 |
| Investments | | 372 | 372 | | 372 |
| Bond Issue Costs, net of Accumulated | | | | | |
| Amortization of $18,575 | | | | 127,590 | 127,590 |
| Capital Assets, Net of Accumulated | | | | | |
| Depreciation (Note 4) | | | | 3,694,833 | 3,694,833 |
| **TOTAL ASSETS** | **$ 98,843** | **$2,885,807** | **$2,984,650** | **$ 3,822,423** | **$ 6,807,073** |
| | | | | | |
| **LIABILITIES** | | | | | |
| Accounts Payable | $ 22,145 | $ | $ 22,145 | $ | $ 22,145 |
| Registered Warrants Payable (Note 5) | 137,859 | 10,171 | 148,030 | 5,672,462 | 5,820,492 |
| Accrued Interest Payable on | | | | | |
| Registered Warrants (Note 5) | 8,778 | 154,703 | 163,481 | | 163,481 |
| Bonds (Note 6) | | 2,365 | 2,365 | | 2,365 |
| Bonds Payable (Note 6) | | | | | |
| Due Within One Year | | | | 25,000 | 25,000 |
| Due After One Year | | | | 1,190,000 | 1,190,000 |
| Deferred Revenue | | | | 84,826 | 84,826 |
| Total Liabilities | 168,782 | 167,239 | 336,021 | 6,972,288 | 7,308,309 |
| | | | | | |
| **COMMITMENTS (Note 8)** | | | | | |
| | | | | | |
| **FUND BALANCES (DEFICIT)/** | | | | | |
| **NET ASSETS** | | | | | |
| Unreserved, Reported in | | | | | |
| General Fund | (69,939) | | (69,939) | 69,939 | |
| Restricted Debt Service Fund | | 2,718,568 | 2,718,568 | (2,718,568) | |
| Total Fund Balance (Deficit) | (69,939) | 2,718,568 | 2,648,629 | (2,648,629) | |
| **TOTAL LIABILITIES AND FUND BALANCES** | **$ 98,843** | **$2,885,807** | **$2,984,650** | | |
| | | | | | |
| **NET ASSETS (DEFICIT)** | | | | | |
| Invested in Capital Assets, Net of | | | | | |
| Related Debt | | | | (3,149,865) | (3,149,865) |
| Unrestricted | | | | (69,939) | (69,939) |
| Restricted for Debt Service | | | | 2,718,568 | 2,718,568 |
| **TOTAL NET DEFICIT** | | | | **$ (501,236)** | **$ (501,236)** |

See Notes to Basic Financial Statements.

## SANITARY AND IMPROVEMENT DISTRICT NO. 517
## OF DOUGLAS COUNTY, NEBRASKA

**GOVERNMENTAL FUND REVENUES, EXPENDITURES AND**
**CHANGES IN FUND BALANCES/STATEMENT OF ACTIVITIES**

**FOR THE YEAR ENDED JUNE 30, 2010**

| | General Fund | Debt Service Fund | Total | Reconciliation (Note 7) | Statement of Activities |
|---|---|---|---|---|---|
| **REVENUES** | | | | | |
| Property Taxes (Note 2) | $ 169,652 | $ | $ 169,652 | $ (11,439) | $ 158,213 |
| Interest Income | | | | | |
| Property Taxes | 1,430 | | 1,430 | | 1,430 |
| Investments | | 654 | 654 | | 654 |
| Special Assessments (Note 3) | | 69,364 | 69,364 | | 69,364 |
| Sewer Connection Fees | | 7,970 | 7,970 | | 7,970 |
| State Motor Vehicle Taxes Allocation | 379 | | 379 | | 379 |
| Total Revenues | 171,461 | 77,988 | 249,449 | (11,439) | 238,010 |
| **EXPENDITURES/EXPENSES** | | | | | |
| Current: | | | | | |
| Collection Fees-County Treasurer | 3,152 | 568 | 3,720 | | 3,720 |
| Amortization of Bond Issue Costs | | | | 7,308 | 7,308 |
| Bond Maintenance Costs | 500 | 465 | 965 | | 965 |
| Clerk Fees | 1,292 | | 1,292 | | 1,292 |
| Depreciation (Note 4) | | | | 130,351 | 130,351 |
| Engineering | 15,265 | 26,250 | 41,515 | | 41,515 |
| Fiscal Agent Fees | 3,020 | 1,026 | 4,046 | | 4,046 |
| Insurance | 5,784 | | 5,784 | | 5,784 |
| Interest on Registered Warrants (Note 5) | 12,889 | 382,418 | 395,307 | | 395,307 |
| Bonds Payable (Note 6) | | | | | |
| Principal Payments | | 20,000 | 20,000 | (20,000) | |
| Interest | | 58,056 | 58,056 | | 58,056 |
| Maintenance | 26,336 | | 26,336 | | 26,336 |
| Professional Fees | 15,046 | | 15,046 | | 15,046 |
| Traffic Safety Devices | 162 | | 162 | | 162 |
| Utilities | 9,353 | (14,483) | (5,130) | | (5,130) |
| Net Capital Outlay | | (1,567,004) | (1,567,004) | 1,567,004 | |
| Total Expenditures/Expenses | 92,799 | (1,092,704) | (999,905) | 1,684,663 | 684,758 |
| Excess (Deficiency) of Revenues Over Expenditures/Expenses | 78,662 | (1,170,692) | (1,249,354) | (1,696,102) | (446,748) |
| **OTHER FINANCING SOURCES (USES)** | | | | | |
| Issuance of Warrants (Note 5) | | 397,354 | 397,354 | (397,354) | |
| Change in Payables | | (10,171) | (10,171) | 10,171 | |
| Total Other Financing Sources (Uses) | | 387,183 | 387,183 | (387,183) | |
| Excess (Deficiency) of Revenues and Transfers in Over (Under) Expenditures/ Expenses and Transfers Out | 78,662 | 1,557,875 | 1,636,537 | (1,636,537) | |
| Change in Net Assets | | | | (446,748) | (446,748) |
| Fund Balance (Deficit)/Net Assets, Beginning of Year | (148,601) | 1,160,693 | 1,012,092 | | (54,488) |
| **Fund Balance (Deficit)/Net Assets, End of Year** | $ (69,939) | $2,718,568 | $2,648,629 | | $(501,236) |

See Notes to Basic Financial Statements.

4

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
## OF DOUGLAS COUNTY, NEBRASKA

### NOTES TO BASIC FINANCIAL STATEMENTS

### JUNE 30, 2010

### 1.  Summary of Significant Accounting Policies

The accounting policies of Sanitary and Improvement District No. 517 of Douglas County, Nebraska conform to generally accepted accounting principles as applicable to governmental units. The following is a summary of the District's significant policies.

**Reporting Entity**  Sanitary and Improvement District No. 517 of Douglas County, Nebraska (the District), was formed on March 17, 2005, is a governmental subdivision authorized under the statutes of the State of Nebraska. The District operates under an elected Board of Trustees, which governs all activities related to streets, utility systems, and other public improvements within the jurisdiction of the District. The accompanying basic financial statements present the District's primary government unit and no component units because the District does not have any component units.

The District has implemented GASB Statement No. 34, *Basic Financial Statements – and Management's Discussion and Analysis – for State and Local Governments* (GASB Statement No. 34), GASB Statement 37, *Basic Financial Statements – and Management's Discussion and Analysis – for State and Local Governments: Omnibus* which provides additional guidance for the implementation of GASB Statement No. 34, and GASB Statement No. 38, *Certain Financial Statement Disclosures* which changes note disclosure requirements for governmental entities.

The GASB determined that fund reporting has and will continue to be essential in helping governments to achieve fiscal accountability and should, therefore, be retained. The GASB determined that fund financial statements are needed to allow users of financial reports to assess a government's operational accountability. The new GASB model integrates fund-based financial reporting as complimentary components of a single comprehensive financial reporting model.

**Combined**
**Financial Statements**  The Governmental Funds Balance Sheet/Statement of Net Assets and the Governmental Fund Revenues, Expenditures and Changes in Fund Balances/Statement of Activities are part of the combined financial statements. They report information on all of the District's activities with the interfund activities removed. *Governmental activities* include programs supported primarily by taxes, special assessments and other intergovernmental revenues. The District has no business type activities that rely, to a significant extent, on fees and charges for support.

The combined financial statements provide reports on the financial condition and results of operations for the District. The District reports the two major governmental funds' financial condition and results of operations in separate columns.

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

## NOTES TO BASIC FINANCIAL STATEMENTS

## JUNE 30, 2010

### 1.  Summary of Significant Accounting Policies - Continued

**Use of Estimates**      The preparation of basic financial statements in conformity with accounting principles generally accepted in the United States of America requires the District's Trustees to make estimates and assumptions that affect the reported amounts of assets and liabilities and disclosure of contingent assets and liabilities at the date of the basic financial statements and the reported amounts of revenues and expenditures/expenses during the reporting period. Actual results could differ from those estimates.

**Fund Accounting**      The District used funds to maintain its financial records during the year. A fund is defined as a fiscal and accounting entity with a self-balancing set of accounts. The District only used governmental funds. The following governmental funds are used by the District.

**Governmental Funds.** Governmental funds are those through which most general governmental functions of the District are financed. These funds are accounted for using the current financial resources measurement focus. Under this measurement focus, only current assets and liabilities are included on the balance sheets, and the operating statements present sources and uses of available financial resources during a given period. The following major governmental funds are used by the District:

- **General Fund**
  The general fund is the general operating fund of the District. It is used to account for all financial resources except those required to be accounted for in another fund.

- **Debt Service Fund**
  The debt service fund is used to account for the accumulation of resources for, and the payment of, long-term debt principal, interest and related costs anticipated to be settled during the next fiscal year.

**Basis of Accounting**      Governmental fund financial statements are reported using the *current financial resources measurement focus* and the *modified accrual basis of accounting*. Revenues are recognized as soon as they are both measurable and available. Revenues are considered to be available when they are collectible within the current period or soon enough thereafter to pay liabilities of the current period. For this purpose, the government considers revenues to be available if they are collected within thirty-one days of the end of the current fiscal period. Expenditures generally are recorded when a liability is incurred, as under accrual accounting.

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
## OF DOUGLAS COUNTY, NEBRASKA

### NOTES TO BASIC FINANCIAL STATEMENTS

### JUNE 30, 2010

1. **Summary of Significant Accounting Policies** - Continued

**Budgets and
Budgetary
Accounting**

The District is required to adopt an annual operating budget for all the funds over which the District controls. The budget is adopted using a cash basis of accounting which differs significantly from generally accepted accounting principles. Under the cash basis of accounting, revenues and expenditures are recorded when cash is received or paid, respectively. Payment is deemed to have been made when warrants are issued.

The District follows these procedures in establishing the budgetary data reflected in the financial statements:

(1) In September of each year, the District submits a proposed operating budget for all funds to the real estate owners of the District.
(2) Notice of place and time of public hearings must be published prior to the public hearings.
(3) Public hearings are conducted to obtain taxpayer comment.
(4) After publication and hearing, the budget is legally adopted by majority vote of the Board. The District is required to file a copy of the adopted budget with the County Clerk and the Nebraska Auditor of Public Accounts in accordance with the Nebraska Budget Act.
(5) The budget is adopted on a per-fund basis and budgetary control is exercised at the fund level.
(6) The Board of Trustees may authorize supplemental appropriations during the year. (No such appropriations were made during the fiscal year ended June 30, 2010.)

**Investments**

The District is allowed to invest funds as permitted by Nebraska Statute 77-2341, R.R.S., 1990, and allowable investments generally include U.S. government obligations, certificates of deposit, and time deposits. The District's investments during the year ended June 30, 2010, consisted of U.S. Treasury bills.

All investment activities are conducted through the County Treasurer. Treasury bills are bought and held in safekeeping by the County Treasurer in the District's name.

Investments are stated at fair value.

Investments are stated at fair value.

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

**NOTES TO BASIC FINANCIAL STATEMENTS**

**JUNE 30, 2010**

---

## 1.  Summary of Significant Accounting Policies - Continued

**Property Taxes**
Property tax revenues are recognized when a legal and enforceable claim is assessed against the property. Delinquent taxes are considered fully collectible; therefore, no allowance for uncollectible taxes is provided.

**Special Assessments**
Revenue on special assessments are recognized when the specials are assessed. Special assessments are considered fully collectible; therefore, no allowance for uncollectible assessments are provided.

**Capital Assets**
Capital assets are stated at cost in accordance with construction contracts and other costs applicable thereto. Interest accrued on warrants issued for the construction of improvements is capitalized during the period of construction. The costs of improvements disposed and the related accumulated depreciation are eliminated from the accounts in the year of disposal. Gains or losses from property disposals are recognized in the year of disposal. Depreciation is computed using the straight-line method over the following estimated useful lives:

|  | Years |
|---|---|
| Sanitary Sewer Systems | 50 |
| Street Improvements | 20 |

**Deferred Revenue**
The District reports unearned deferred revenue in the governmental fund balance sheet. Deferred and unearned revenue arises when potential revenue does not meet both the measurable and available criteria for recognition in the current period. In general, monies received within thirty-one days after year-end are considered to have been for prior year services.

**Costs of Utilities**
These costs include the cost of systems for which the District does not obtain title such as electrical systems (OPPD), water distribution systems (MUD) and/or gas distribution systems (MUD). These costs are expensed as incurred.

**Credit Risk**
The District's credit risk relates to receivables for property taxes and special assessments which are due from property owners within the boundaries of the District and cash on deposit with the Douglas County Treasurer.

**Bond Issue Costs**
Bond issue costs are amortized using the straight-line method, over the life of the bond issue.

---

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

**NOTES TO BASIC FINANCIAL STATEMENTS**

**JUNE 30, 2010**

---

1. **Summary of Significant Accounting Policies** - Continued

**Subsequent Events**     Subsequent events are events or transactions that occur after the Government
Funds Balance Sheet/Statement of Net Assets date but before the financial
statements are available to be issued and may require potential recognition or
disclosure in the financial statements.  Management has considered such events
or transactions through December 1, 2010 noting no items requiring disclosure.

2. **Property Taxes**

---

Property taxes are levied in September and attached as an enforceable lien on the assessed property
as of December 31.  The first half payment becomes delinquent April 1 of the following year, and the
second half payment becomes delinquent August 1 of the following year.  The Douglas County
Treasurer bills and collects all property taxes for the District.

For 2009 - 2010, the District levied taxes at the rate of $0.90 in the general fund per $100 based on a
property valuation of $18,850,200.

3. **Special Assessments Receivable**

---

Special assessments in the cumulative amount of $2,593,103 have been levied against certain
properties within the District in connection with the construction of improvements.  The assessments
are due in ten annual installments and bear interest at 7.5% per annum until delinquent and 9.5% per
annum thereafter until paid.

4. **Capital Assets**

---

Capital assets at June 30, 2010, consist of the following:

| | Costs at June 30, 2009 | Additions | Deletions | Costs at June 30, 2010 |
|---|---|---|---|---|
| Sanitary Sewer Systems | $4,180,849 | $ | $1,567,004 | $2,613,845 |
| Street Improvements | 1,561,475 | | | 1,561,475 |
| | $5,742,324 | $ | $1,567,004 | 4,175,320 |
| Less Accumulated Depreciation | | | | 480,487 |
| Capital Assets, Net of Accumulated Depreciation | | | | $3,694,833 |

---

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

**NOTES TO BASIC FINANCIAL STATEMENTS**

**JUNE 30, 2010**

## 5. Warrants Payable

Warrants registered with Douglas County accrue interest from the date of registration to the date they are called for payment.

General fund warrants are due 3 years from the date of issuance. Debt service fund warrants are due 5 years from the date of issuance.

The following is a summary of warrant transactions during the year ended June 30, 2010:

|  | General Fund | Debt Service Fund |
|---|---|---|
| Balance, June 30, 2009 | $ 212,848 | $5,285,279 |
| Warrants Issued | 63,417 | 397,354 |
| Warrants Retired | (138,406) |  |
| Balance, June 30, 2010 | $ 137,859 | $5,682,633 |

| Year Ending June 30, | --------General Fund------- | | -----Debt Service Fund----- | |
|---|---|---|---|---|
|  | Amount of Warrants | Interest Rate | Amount of Warrants | Interest Rate |
| 2011 | $ | | $ 919,890 | 7% |
| 2012 | 74,443 | 7% | 2,724,728 | 7% |
| 2013 | 63,416 | 7% | 1,259,782 | 7% |
| 2014 | | | 380,879 | 7% |
| 2015 | | | 397,354 | 7% |
|  | $137,859 | | $5,682,633 | |

There were no unregistered warrants at June 30, 2010.

## 6. Long-Term Debt

The District's long-term debt consists of general obligation bonds which are reflected in the debt service fund.

General obligation bonds totaling $1,250,000 issued December 15, 2007, with a balance of $1,215,000 at June 30, 2010, are due serially beginning December 15, 2008, through December 15, 2027. Interest is payable semi-annually on this issue at 3.95% to 5.10% per annum.

The following is a summary of bonds payable transactions of the District for the year ended June 30, 2010:

| | |
|---|---|
| Bonds Outstanding, June 30, 2009 | $1,235,000 |
| Bond Principal Retired | (20,000) |
| Bonds Outstanding, June 30, 2010 | $1,215,000 |

The following is a summary of bonds payable transactions of the District for the year ended June 30,

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

## NOTES TO BASIC FINANCIAL STATEMENTS

## JUNE 30, 2010

### 6.  Long-Term Debt - Continued

Aggregate maturities of long-term debt and interest due on long-term debt, for the next five fiscal years and thereafter are as follows:

| Year Ending June 30, | Principal | Interest | Total |
|---|---|---|---|
| 2011 | $   25,000 | $ 57,204 | $     82,204 |
| 2012 | 30,000 | 56,110 | 86,110 |
| 2013 | 35,000 | 54,801 | 89,801 |
| 2014 | 40,000 | 53,272 | 93,272 |
| 2015 | 45,000 | 51,507 | 96,507 |
| Thereafter | 1,040,000 | 381,425 | 1,421,425 |
| | $1,215,000 | $654,319 | $1,869,319 |

### 7.  Reconciliation of Net Assets and Changes in Net Assets

#### Net Assets

| | |
|---|---|
| Total fund balance per balance sheet | $ 2,648,629 |

Amounts reported for governmental activities in the statement of net assets are different because:

| | |
|---|---|
| Capital assets and bond issue costs used in governmental activities are not financial resources and therefore are not reported in the funds. | 3,822,423 |
| Various payables not due and payable in the current period and therefore are not reported in the funds. | (6,887,462) |
| Deferred revenue on property taxes not yet earned. | (84,826) |
| Net deficit of governmental activities | $  (501,236) |

#### Changes in Net Deficit

| | |
|---|---|
| Net change in fund balance | $ 1,249,354 |
| Current year property tax levy not yet earned at year end. | (11,439) |
| Certain expenditures do not require the use of current financial resources and therefore are not reported as expenditures of in governmental funds. | (137,659) |
| Governmental funds report capital outlay as expenditures. However, the costs of these assets is allocated over their estimated useful lives. | (1,567,004) |
| Repayment of bond principal is an expenditure in the governmental funds, but the repayment reduces long-term liabilities in the statement of net assets. | 20,000 |
| Change in net deficit of governmental activities | $  (446,748) |

the costs of these assets is allocated over their estimated useful

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
# OF DOUGLAS COUNTY, NEBRASKA

**NOTES TO BASIC FINANCIAL STATEMENTS**

**JUNE 30, 2010**

### 8. Commitments

The District has entered into various contracts and agreements related to the construction of streets, utility systems and other public improvements as well as general maintenance and other operating expenses related to the District. These contracts and agreements will be completed in the future. All expenditures are initially funded by the issuance of warrants. Warrants mature as follows; General Fund warrants mature within 3 years of issuance and Debt Service Fund warrants mature in 5 years. Maturities of warrants payable are primarily funded by the issuance of bonds payable and cash flow generated from special assessments and annual property tax levies. Special assessments and sewer connection fees are levied on a per lot basis. The generation of property taxes is dependent upon the growth of the valuation base as lots are developed. In addition, the District's ability to issue bonds is dependent upon an acceptable level of valuation for the District. The District's ability to fund its obligations in the future in contingent upon the success of future lot sales and the development within the District.

**REQUIRED SUPPLEMENTARY INFORMATION**

**SCHEDULE OF REVENUES, EXPENDITURES AND CHANGES IN FUND BALANCE-
BUDGET AND ACTUAL (BUDGETARY BASIS) – GENERAL FUND**

**SCHEDULE OF REVENUES, EXPENDITURES AND CHANGES IN FUND BALANCE-
BUDGET AND ACTUAL (BUDGETARY BASIS) – DEBT SERVICE FUND**

**SUPPLEMENTAL INFORMATION**

**INFORMATION REQUIRED BY SECTION 31-740
REISSUE REVISED STATUTE OF NEBRASKA, 1998**

**DISTRICT TRUSTEES AND RELATED BONDS**

---

**INDEPENDENT ACCOUNTANTS' REPORT ON INTERNAL CONTROL OVER FINANCIAL
REPORTING AND ON COMPLIANCE AND OTHER MATTERS BASED ON AN AUDIT OF FINANCIAL
STATEMENTS PERFORMED IN ACCORDANCE WITH
*GOVERNMENT AUDITING STANDARDS***

# SANITARY AND IMPROVEMENT DISTRICT NO. 517 OF DOUGLAS COUNTY, NEBRASKA

**SCHEDULE 1**

**SCHEDULE OF REVENUES, EXPENDITURES AND CHANGES IN FUND BALANCE - BUDGET AND ACTUAL (BUDGETARY BASIS) - GENERAL FUND**

**FOR THE YEAR ENDED JUNE 30, 2010**

| | Actual on GAAP Basis | Adjustments to Budgetary Basis | Actual on Budgetary Basis | Budget | Variance-Favorable (Unfavorable) |
|---|---|---|---|---|---|
| **REVENUES/RECEIPTS** | | | | | |
| Property Taxes | $ 169,652 | $ (13,876) | $ 155,776 | $ 164,562 | $ (8,786) |
| Interest on Taxes | 1,430 | | 1,430 | 1,500 | (70) |
| State Motor Vehicle Taxes Allocation | 379 | | 379 | | 379 |
| Total Revenues/Receipts | 171,461 | (13,876) | 157,585 | 166,062 | (8,477) |
| | | | | | |
| **EXPENDITURES/DISBURSEMENTS** | | | | | |
| Collection Fees-Country Treasurer | 3,152 | | 3,152 | | (3,152) |
| Bond Maintenance Costs | 500 | (500) | | | |
| Clerk Fees | 1,292 | 430 | 1,722 | 1,200 | (522) |
| Engineering | 15,265 | (1,822) | 13,443 | 17,000 | 3,557 |
| Fiscal Agent Fees | 3,020 | | 3,020 | 4,485 | 1,465 |
| Insurance | 5,784 | 270 | 6,054 | 2,500 | (3,554) |
| Interest on Registered Warrants | 12,889 | 7,272 | 20,161 | 15,000 | (5,161) |
| Maintenance | 26,336 | (13,223) | 13,113 | 50,000 | 36,887 |
| Professional Fees | 15,046 | | 15,046 | 11,500 | (3,546) |
| Traffic Safety Devices | 162 | (55) | 107 | 500 | 393 |
| Utilities | 9,353 | | 9,353 | 7,000 | (2,353) |
| Total Expenditures/Disbursements | 92,799 | (7,628) | 85,171 | 109,185 | 24,014 |
| | | | | | |
| Excess (Deficiency) of Revenues/Receipts over Expenditures/Disbursements | 78,662 | (6,248) | 72,414 | 56,877 | 15,537 |
| | | | | | |
| **OTHER FINANCING SOURCES (USES)** | | | | | |
| Issuance of Warrants | | 63,417 | 63,417 | 94,185 | (30,768) |
| Warrants Retired | | (138,406) | (138,406) | (120,000) | (18,406) |
| Total Other Financing Sources (Uses) | | (74,989) | (74,989) | (25,815) | (49,174) |
| | | | | | |
| **EXCESS (DEFICIENCY) OF REVENUES/ RECEIPTS AND OTHER SOURCES OVER EXPENDITURES/ DISBURSEMENTS AND OTHER USES** | 78,662 | (81,237) | (2,575) | $  31,062 | $(33,637) |
| | | | | | |
| Fund Balance (Deficit), Beginning of Year | (148,601) | 156,809 | 8,208 | | |
| | | | | | |
| **Fund Balance (Deficit), End of Year** | $ (69,939) | $ 75,572 | $  5,633 | | |

See Independent Accountants' Audit Report.

13

# SANITARY AND IMPROVEMENT DISTRICT NO. 517 OF DOUGLAS COUNTY, NEBRASKA

**SCHEDULE 2**

**SCHEDULE OF REVENUES, EXPENDITURES AND CHANGES IN FUND BALANCE - BUDGET AND ACTUAL (BUDGETARY BASIS) – DEBT SERVICE FUND**

**FOR THE YEAR ENDED JUNE 30, 2010**

| | Actual on GAAP Basis | Adjustments to Budgetary Basis | Actual on Budgetary Basis | Budget | Variance-Favorable (Unfavorable) |
|---|---|---|---|---|---|
| **REVENUES/RECEIPTS** | | | | | |
| Interest on Investments | $ 654 | $ (188) | $ 466 | $ 4,000 | $ (3,534) |
| Interest on Special Assessments | 69,364 | (65,200) | 4,164 | 1,500 | 2,664 |
| Special Assessments | | 24,235 | 24,235 | 40,000 | (15,765) |
| Sewer Connection Fees | 7,970 | | 7,970 | 5,000 | 2,970 |
| Collection in District | | 1,581,488 | 1,581,488 | 1,500,000 | 81,488 |
| Total Revenues/Receipts | 77,988 | 1,540,335 | 1,618,323 | 1,550,500 | 67,823 |
| | | | | | |
| **EXPENDITURES/DISBURSEMENTS** | | | | | |
| Collection Fees-County Treasurer | 568 | | 568 | 850 | 282 |
| Bond Maintenance Costs | 465 | | 465 | 500 | (35) |
| Engineering | 26,250 | 100 | 26,350 | | (26,350) |
| Fiscal Agent Fees | 1,026 | 316 | 1,342 | 18,500 | 17,158 |
| Interest on Registered Warrants | 382,418 | (13,220) | 369,198 | 370,000 | 802 |
| Bonds Payable | | | | | |
| Principal Payments | 20,000 | | 20,000 | 20,000 | |
| Interest | 58,056 | 32 | 58,088 | 58,088 | |
| Utilities | (14,483) | 14,483 | | | |
| Net Capital Outlay | (1,567,004) | 1,567,004 | | | |
| Total Expenditures/Disbursements | (1,092,704) | 1,568,715 | 476,011 | 467,938 | (8,073) |
| | | | | | |
| Excess (Deficiency) of Revenues/Receipts over Expenditures/Disbursements | 1,170,692 | (28,380) | 1,142,312 | 1,082,562 | 59,750 |
| | | | | | |
| **OTHER FINANCING SOURCES (USES)** | | | | | |
| Issuance of Warrants | 397,354 | | 397,354 | 389,000 | 8,354 |
| Change in Payables | (10,171) | 10,171 | | | |
| Total Other Financing Sources (Uses) | 387,183 | 10,171 | 397,354 | 389,000 | 8,354 |
| | | | | | |
| **EXCESS (DEFICIENCY) OF REVENUES/ RECEIPTS AND OTHER SOURCES OVER EXPENDITURES/ DISBURSEMENTS AND OTHER USES** | 1,557,875 | (18,209) | 1,539,666 | **$1,471,562** | **$ 68,104** |
| | | | | | |
| Fund Balance, Beginning of Year | 1,160,693 | (903,227) | 257,466 | | |
| **Fund Balance, End of Year** | **$2,718,568** | **$ (921,436)** | **$1,797,132** | | |

See Independent Accountants' Audit Report.

## SANITARY AND IMPROVEMENT DISTRICT NO. 517
## OF DOUGLAS COUNTY, NEBRASKA

**SCHEDULE 3**

**INFORMATION REQUIRED BY SECTION 31-740**
**REISSUE REVISED STATUTE OF NEBRASKA, 1998**

**JUNE 30, 2010**

| | |
|---|---:|
| Total Receipts From All Sources | $1,775,908 |
| Amount Spent For Sewage Disposal | None |
| Amount Expended on Water System | None |
| Gross Amount of Sewage Processed | None |
| Cost Per Thousand Gallons of Processing Sewage | None |
| Amount Expended For | |
|    A.  Maintenance and Repair | $26,336 |
|    B.  New Equipment | None |
|    C.  New Construction Work | None |
|    D.  Property Purchased | None |
| Number of Employees | None |
| Total Amount of Taxes Levied Upon the Property Within the District | $169,652 |

See Independent Accountants' Audit Report.

# SANITARY AND IMPROVEMENT DISTRICT NO. 517
## OF DOUGLAS COUNTY, NEBRASKA

**SCHEDULE 4**

**DISTRICT TRUSTEES AND RELATED BONDS**

**JUNE 30, 2010**

| --------------------Trustees---------------- | | --------------------------Bonds---------------------------- | |
| **Name** | **Office** | **Insurer** | **Amount** |
| Timothy W. Young | Chairman | Western Surety Company | $5,000 |
| Mark A. Boyer | Clerk | Western Surety Company | 20,000 |
| Linda Ruma | Trustee | | |
| Kristina Philbin | Trustee | | |
| Ron Uhing | Trustee | | |

See Independent Accountants' Audit Report.

13616 California Street, Suite 300
Omaha, NE 68154-5336
p: 402.496.8800
f: 402.496.2711
www.lutzcpa.com



Lutz&
Company, PC
Accountants & Consultants

SHAREHOLDERS

| | | | | |
|---|---|---|---|---|
| James D. Honz | W. Reed Samson | Shawn A. Wedergquist | Michael B. Mowat | Peter A. Froelicher |
| Gary K. Witt | Jeffrey L. Snyder | Steven P. Kenney | Thomas J. Helligso | James J. Tichota |
| Ronald J. Nebbia | Patrick C. Knowles | William W. Kenedy | David F. Horner | Stacy L. Watson |
| Mark F. Duren | Sandra A. Lane | Susan S. Krause | Kelly J. Martinson | Scott A. Carrico |

**INDEPENDENT ACCOUNTANTS' REPORT ON INTERNAL CONTROL OVER FINANCIAL REPORTING AND ON COMPLIANCE AND OTHER MATTERS BASED ON AN AUDIT OF FINANCIAL STATEMENTS PERFORMED IN ACCORDANCE WITH GOVERNMENT AUDITING STANDARDS**

Board of Trustees
Sanitary and Improvement District No. 517
of Douglas County, Nebraska

We have audited the accompanying financial statements of the governmental activities and each major fund of Sanitary and Improvement District No. 517 of Douglas County, Nebraska, as of and for the year ended June 30, 2010, which collectively comprise Sanitary and Improvement District No. 517 of Douglas County, Nebraska's basic financial statements, and have issued our report thereon dated December 1, 2010. We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in *Government Auditing Standards*, issued by the Comptroller General of the United States.

**<u>Internal Control Over Financial Reporting</u>**

In planning and performing our audit, we considered Sanitary and Improvement District No. 517 of Douglas County, Nebraska's internal control over financial reporting as a basis for designing our auditing procedures for the purpose of expressing our opinions on the financial statements, but not for the purpose of expressing an opinion on the effectiveness of the Sanitary and Improvement District No. 517 of Douglas County, Nebraska's internal control over financial reporting. Accordingly, we do not express an opinion on the effectiveness of the Sanitary and Improvement District No. 517 of Douglas County, Nebraska's internal control over financial reporting.

A control deficiency exists when the design or operation of a control does not allow management or employees, in the normal course of performing their assigned functions, to prevent or detect misstatements on a timely basis. A significant deficiency is a control deficiency, or combination of control deficiencies, that adversely affects the Sanitary and Improvement District No. 517 of Douglas County, Nebraska's ability to initiate, authorize, record, process, or report financial data reliability in accordance with generally accepted accounting principles such that there is more than a remote likelihood that a misstatement of the Sanitary and Improvement District No. 517 of Douglas County, Nebraska's financial statements that is more than inconsequential will not be prevented or detected by the Sanitary and Improvement District No. 517 of Douglas County, Nebraska's internal control.

A material weakness is a significant deficiency, or combination of significant deficiencies, that results in more than a remote likelihood that a material misstatement of the financial statements will not be prevented or detected by the Sanitary and Improvement District No. 517 of Douglas County, Nebraska's internal control.

Our consideration of internal control over financial reporting was for the limited purpose described in the first paragraph of this section and would not necessarily identify all deficiencies in internal control that might be significant deficiencies or material weaknesses. We did not identify any deficiencies in internal control over financial reporting that we consider to be material weaknesses, as defined above.

Board of Trustees
Sanitary and Improvement District No. 517
 of Douglas County, Nebraska
Page 2

## Compliance and Other Matters

As part of obtaining reasonable assurance about whether Sanitary and Improvement District No. 517 of Douglas County, Nebraska's, basic financial statements are free of material misstatement, we performed tests of its compliance with certain provisions of laws, regulations, contracts, and grant agreements, noncompliance with which could have a direct and material effect on the determination of financial statement amounts.  However, providing an opinion on compliance with those provisions was not an objective of our audit, and accordingly, we do not express such an opinion.  Other than noted below, the results of our tests disclosed no other instances of noncompliance or other matters that are required to be reported under *Government Auditing Standards*.

We noted certain instances of noncompliance that are summarized below:

The District had a shortfall in budgeted general fund revenue/receipts by approximately $8,500 without amending the budget.

The District exceeded debt service fund expenditure/disbursements by approximately $8,100 without amending the budget.

This report is intended solely for the information and use of the Board of Trustees, management, the Nebraska Auditor of Public Accounts and other audit agencies and is not intended to be and should not be used by anyone other than these specified parties.

Luth & Company, P.C.

December 1, 2010